CIACCIO, Judge.
Petitioners appeal a summary judgment dismissing their “Petition To Annul Probated Testament.” Petitioners argue that summary judgment was improper because there remains a genuine issue of material fact, viz., whether decedent was domiciled in Louisiana or Mississippi. We affirm, holding that decedent’s domicile is not a material fact, and that the judgment of the district court is correct as a matter of law.
Approximately two years before her death decedent came to New Orleans from her home in Mississippi to receive medical treatment. Because of her ill health she remained in New Orleans without re-toning home. On June 3,1986, she died at her residence in New Orleans.
On November 5, 1985, decedent had executed a will in proper statutory form under La.R.S. 9:2442. On February 16,1986, she had executed a will in the presence of two witnesses, a form not recognized in Louisiana, but alleged by petitioners to be valid in Mississippi. After her death the statutory will of November 5,1985, was presented to and probated by a Louisiana court; the will of February 16,1986, was presented to and probated by a Mississippi court.
In the succession proceedings in Louisiana petitioners filed a petition to annul the probated will of November 5, 1985. Petitioners argued that the February 16, 1986, will revoked the earlier statutory will, and relied on the Uniform Probate Law, La.R.S. 9:2421 et seq., in asserting the validity of the later will. Petitioners relied particularly upon La.R.S. 9:2423:
Sec. 2423. Admission to probate; force and effect
If upon the hearing, it appears to the satisfaction of the court that the will has been duly proved, allowed, and admitted to probate outside of this state, and that it was executed according to the law of the place in which the same was made, or in which the testator was at the time domiciled, or in conformity with the laws of this state, it must be admitted to probate, which probate shall have the same force and effect as the original probate of a domestic will, (emphasis supplied.)
Petitioners opposed the motion for summary judgment to dismiss the petition by arguing that the state of decedent’s domicile was an unresolved material fact. Petitioners argued that if when she executed the will decedent was domiciled in Mississippi and the will was valid under Mississippi law, then the will, having been probated by a Mississippi court, must be admitted to probate by the Louisiana court under La.R. S. 9:2423. The district court granted summary judgment dismissing the petition to annul.
To have effect in Louisiana, a will executed in Louisiana must conform to the formalities of Louisiana law on testaments. La.C.C. Arts. 1570 and 1595; La.C.C. Art. 15.* Both of decedent’s wills were executed in Louisiana, but only one conforms to Louisiana’s formal requirements for testaments. Only that one, therefore, can be given effect in Louisiana.
Although the Uniform Probate Law, particularly La.R.S. 9:2423, appears to support petitioners’ position, we hold that its provisions apply only to wills executed outside of Louisiana. We reach this interpretation after reference to other laws on the same *15 subject matter. La.C.C. Art. 13.** Other laws which provide for giving effect in Louisiana to wills which do not conform to Louisiana’s formal requirements refer to wills made outside of Louisiana.
La.C.C. Art. 15 provides,
Art. 15.** Choice of law
The form and effect of public and private written instruments are governed by the laws and usages of the places where they are passed or executed.
But the effect of acts passed in one country to have effect in another country, is regulated by the laws of the country where such acts are to have effect.
The exception made in the second paragraph of this article does not hold, when a citizen of another state of the union, or a citizen or subject of a foreign state or country, disposes by will or testament, or by any other act causa mortis made out of this state, of his movable property situated in this state, if at the time of making said will or testament, or any other act causa mortis, and at the time of his death, he resides and is domiciliated out of this state.
Immovables situated in this state, with their accessories, acquired by a married person, are subject to the legal regime of acquets and gains, regardless of his domicile. Movables, wherever situated, are subject to the law of the domicile of the acquiring spouse.
Persons who reside out of the state, cannot dispose of the property they possess here, in a manner different from that prescribed by the laws of this state.
* * * * * *
(emphasis ours.)
La.R.S. 9:2401 provides,
Sec. 2401. Will executed outside state
A will executed outside this state in the manner prescribed by the law of the place of its execution or by the law of the testator’s domicile, at the time of its execution shall be deemed to be legally executed and shall have the same force and effect in this state as if executed in the manner prescribed by the laws of this state, provided the will is in writing and subscribed by the testator.
La.C.C.P. Art. 2888 provides,
Art. 2888. Foreign testament
A written testament subscribed by the testator and made in a foreign country, or in another state, or a territory of the United States, in a form not valid in this state, but valid under the law of the place where made, or under the law of the testator’s domicile, may be probated in this state by producing the evidence required under the law of the place where made, or under the law of the testator’s domicile, respectively.
Further, La.R.S. 9:2423 provides that the wills admitted to probate under its provisions, “shall have the same force and effect as the original probate of a domestic will.” A “domestic will” is a will executed in Louisiana. La.R.S. 9:2423 must apply, therefore, to non-domestic wills, wills executed outside of Louisiana.
Decedent’s will of February 16, 1986, is apparently valid in Mississippi, and could be probated here if it had been executed outside of Louisiana. But the will was executed in Louisiana and does not conform to the formalities of Louisiana law on testaments. The will is, therefore, null and void under Louisiana law, La.C.C. Art. 1595; decedent’s domicile is immaterial.
Accordingly, we affirm the district court’s summary judgment dismissing the petition to annul. Petitioners shall pay all costs of these proceedings.
AFFIRMED.
SCHOTT, J., dissents and assigns reasons.

 Civil Code article designations are those used after the 1987 revision which included some redesignations. La.C.C. Art. 13 reproduces the substance of Article 17 of the Louisiana Civil Code of 1870. La.C.C. Art. 15 is the redesig-nation for Article 10 of the Louisiana Civil Code of 1870.

 See footnote *, ante.